# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS E. PEREZ, *Secretary of Labor*,<br><br>        Plaintiff,<br>v.<br><br>GREGORY M. COFFMAN,<br>DOWNEY, INC., and<br>DOWNEY INC. PROFIT SHARING PLAN,<br><br>        Defendants. | Case No. 15-CV-1394-JPS<br><br><br><br>**ORDER** |

  On November 23, 2015, Plaintiff, the Secretary of Labor, filed a complaint against Defendants Gregory M. Coffman ("Coffman"), Downey, Inc. ("Downey") and Downey Inc. Profit Sharing Plan (the "Plan"), alleging that Coffman and Downey violated the fiduciary provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, with regard to the Plan. (Docket #1). Before the Court is Plaintiff's amended motion for default judgment, which was filed on November 4, 2016. (Docket #21). For the reasons stated below, the motion will be granted in part and denied in part.

**1. BACKGROUND**

  Defendants failed to appear or otherwise defend this action after being served with process. As a result, the Clerk of Court entered default against them on June 24, 2016. Because the Clerk of Court has entered default against Defendants, the Court must accept all of Plaintiff's well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Those facts are as follows.

  Downey ceased operating in approximately May 2006. (Docket #1 ¶ 9). On March 16, 2010, the Wisconsin Department of Financial Institutions

administratively dissolved Downey. *Id.* Coffman, as the sole trustee of the Plan, is responsible for safeguarding the Plan assets and properly disbursing those assets to Plan participants. *Id.* ¶¶ 5, 10. Downey, as the Plan administrator, is responsible for administering the Plan, including terminating the Plan and processing distributions to Plan participants. *Id.* ¶¶ 6, 11. Section 6.04 of the Plan provides that a participant whose employment has been terminated shall be entitled to receive all of the amounts allocated to his account. *Id.* ¶ 12. Section 6.05 of the Plan provides that a terminated Plan participant is entitled to receive all of his benefits if under $1,000 "as soon as administratively practicable after the end of the Plan Year in which the Participant's employment with the Affiliates terminates." (Docket #21-1 ¶ 4(e)). Generally, if the Plan participant's benefits exceed $1,000, his benefits commence as soon as administratively practicable after the end of the second Plan year following his termination. *Id.*

According to the valuation for the period ending April 7, 2015, the Plan had twenty participants and assets totaling approximately $35,665.90. (Docket #1 ¶ 14). No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets since Downey was administratively dissolved. *Id.* ¶ 16. Prior to January 23, 2009, at least one participant requested a distribution of his or her Plan benefits. (Docket #21-1 ¶ 4(f)). Similarly, in 2013, another Plan participant requested a distribution of his or her Plan benefits. *Id.* Neither of these participants, nor any others who are legally entitled to receive distributions, has been able to receive them. *Id.* ¶ 17. Plaintiff alleges that Coffman and Downey's failure to administer or terminate the Plan since at least March 16, 2010, is a violation of Defendants' fiduciary duties under ERISA, 29 U.S.C. § 1104(a)(1)(A), (B), and (D). *Id.* ¶ 18(a)–(c).

In his amended motion for default judgment, Plaintiff seeks the following forms of relief: (1) removing Coffman and Downey as fiduciaries of the Plan; (2) permanently enjoining Coffman and Downey from violating Title I of ERISA; (3) appointing AMI Benefit Plan Administrators, Inc. ("AMI") as an independent fiduciary to terminate the Plan; (4) ordering Coffman and Downey to pay $3,250 for reasonable fees and expenses to be incurred by AMI in terminating the Plan; (5) ordering Coffman and Downey to cooperate with AMI; and (6) ordering all other appropriate and just relief. *Id.* at 4–5; (Docket #22 at 3).[1]

## 2. DISCUSSION

Based on the factual allegations in Plaintiff's complaint, which the Court must accept as true at this juncture, the Court finds that Defendants Coffman and Downey have violated their fiduciary duties under ERISA as Plaintiff alleges. *See, e.g., Chao v. Wagner*, Civil Action No. 1:07–CV–1259–JOF, 2009 WL 102220, at *1 (N.D. Ga. Jan. 13, 2009) (finding violation of ERISA fiduciary duties where the defendants abandoned the plan). However, the fact that the Court has found Defendants liable for ERISA violations does not relieve Plaintiff of the responsibility to prove his right to the specific relief he seeks. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The Court denied Plaintiff's first motion for default judgment on this

---

[1]In his complaint, the Secretary also sought an award of costs, but he withdrew that request as part of his amended motion for default judgment. (Docket #22 at 8 n.4). Likewise, Plaintiff has withdrawn the request he made in his original motion for default that Coffman and Downey be enjoined from serving as fiduciaries or service providers to any ERISA-covered plan in the future. *Id.* Additionally, although the Plan itself was named as a Defendant in this action, Plaintiff has made clear that he seeks no relief from the Plan. *Id.* at 1 n.1. As a result, this order will fully resolve this case although no default judgment will be entered as to the Plan.

ground, finding that Plaintiff had not adequately supported his requests for various types of injunctive relief. *See* (Docket #20 at 2). Plaintiff filed this amended motion for default judgment at the Court's request in order to cure these deficiencies. *Id.* at 3.

The scope of equitable relief available to Plaintiff under ERISA is broad. Section 1132 of the statute provides that the Secretary may bring an action "for appropriate relief" under Section 1109 for ERISA violations. 29 U.S.C. § 1132(a)(2). Section 1109, in turn, provides in relevant part that

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach...and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

*Id.* § 1109(a). Injunctive relief is common in ERISA cases involving violations of fiduciary duties, particularly since Section 1109 expressly grants authority for the court to fashion appropriate equitable relief. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 439–40 (2011). In such cases, "the [c]ourt must require a breaching fiduciary to restore a plan to the position it would have been in but for that fiduciary's illegal conduct." *Perez v. Kwasny*, CIVIL ACTION NO. 14-4286, 2016 WL 558721, at *3 (E.D. Pa. Feb. 9, 2016). Although ERISA gives courts wide discretion to grant injunctive relief, to be entitled to injunctive relief, a plaintiff must generally demonstrate: (1) irreparable injury; (2) inadequate remedies at law; (3) that the balance of hardships favors injunctive relief; and (4) that the public interest would not be disserved. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Based on these considerations, the Court finds it appropriate to award some, but not all, of Plaintiff's requested relief. First, the Court will remove

Page 4 of 10

Case 2:15-cv-01394-JPS   Filed 12/08/16   Page 4 of 10   Document 24

Coffman and Downey as fiduciaries of the Plan. 29 U.S.C. § 1109(a) (providing that offending fiduciaries may be removed). Second, the Court will appoint AMI as an independent fiduciary to terminate the Plan. Third, since Defendants' misconduct occasioned the need for AMI's services, the Court will order Coffman and Downey to pay $3,250 to AMI to compensate its reasonable fees and expenses to be incurred in terminating the Plan. (Docket #21-2) (AMI's quote for services need to administer and terminate the Plan). Finally, the Court will order Coffman and Downey to cooperate with AMI as it works to terminate the Plan. *Kwasny*, 2016 WL 558721, at *3 ("With the [defendant's] removal, a new Plan fiduciary must be installed. This is an expense that would not have accrued but for the [defendant's] breaches. Therefore, it is just that [the defendant] pay the costs associated with the fiduciary in order to make the Plan whole."); *Solis v. Hutcheson*, Civil Action No. 1:12–cv–236–EJL, 2012 WL 2151525, at *7 (D. Id. June 13, 2012) (appointing independent fiduciary for the plan to replace the defendants and ordering the defendants to cooperate with the independent fiduciary); *Dairy Fresh Corp. v. Poole*, No. Civ.A. 96–0187–CB–C, 2001 WL 392684, at *1 (S.D. Ala. Apr. 13, 2001) (same).[2]

The Court finds that these requests for injunctive relief are justified by Defendants' misconduct. First, Coffman and Downey failed to administer the Plan, leaving Plan participants without the means to obtain their rightful distributions. Plaintiff has provided evidence that at least two Plan

---

[2]Plaintiff requests "all other appropriate and just relief" in the event that the Court finds that other equitable relief beyond what he suggests is needed to put the Plan back in the position it occupied before Defendants' violations. (Docket #22 at 15). The Court finds that the relief it will award suffices to remedy Defendants' ERISA violations. Without any indication as to what other relief may be appropriate, the Court sees no reason to go further.

participants have requested distributions which have gone unfulfilled, and at least one such request has been outstanding for over seven years. Similarly, because Coffman and Downey refuse to carry out their duties with respect to the Plan, there is no way to terminate the Plan. No legal remedy would adequately address these problems. Instead, as the courts cited above have recognized, it is appropriate in cases like this to remove the dilatory fiduciaries and appoint another in their place.

Second, the Plan participants suffer irreparable injury when they are denied access to their retirement funds for long periods. (Docket #21-1 ¶ 4(j)). This delay also exposes the funds themselves to dissipation through falling markets and administrative fees. *Id.* Third, the balance of hardships weighs in favor of the Plan participants because they stand to lose their retirement benefits. Conversely, the only harm Coffman and Downey will incur is paying the AMI's fees to terminate the Plan. Unlike many other cases of ERISA fiduciary duty violations, Plaintiff does not seek a permanent injunction barring these two Defendants from ever serving as ERISA fiduciaries in the future. *See, e.g.*, *Perez v. Wallis*, 77 F. Supp. 3d 730, 750 (N.D. Ill. 2014). Instead, Plaintiff only wants them removed with respect to the Plan at issue here. This further minimizes the harm Defendants will suffer from the proposed injunctive relief. Finally, ensuring that ERISA-covered plans are administered prudently and in a timely fashion is in the public's interest. Therefore, Plaintiff has sufficiently demonstrated that he is entitled to the injunctive relief the Court has identified above. *eBay*, 547 U.S. at 391.

However, the Court will not, as Plaintiff requests, permanently enjoin Coffman and Downey from violating Title I of ERISA in the future. This vague, overbroad injunction against all future ERISA violations raises concerns that such an injunction will be ineffectual and lead to unnecessary

contempt proceedings. *Perez v. Stratton*, No. 14–cv–95–wmc, 2015 WL 1866101, at *3 (W.D. Wis. Apr. 23, 2015); *Solis v. Seher*, No. 3:12–CV–415 JD, 2013 WL 393291, at *3–4 (N.D. Ind. Jan. 31, 2013); *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 504 (7th Cir. 2008) ("Injunctions that 'merely instruct the enjoined party not to violate a statute' generally are overbroad, increasing 'the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful.'") (quoting *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315 (Fed. Cir. 2004)). Plaintiff argues that the availability of contempt proceedings for Defendants' future ERISA violations will help incentivize their compliance. (Docket #22 at 13). However, the Court believes that the proper remedy for ERISA violations is provided in the statute itself. The Court cannot augment the remedies Congress provided by holding its contempt power over Defendants' heads indefinitely. Moreover, Plaintiff fails to cite any case actually entering this sort of injunction. He relies instead on general references to the usefulness of civil contempt and his extensive duties to enforce ERISA, neither of which satisfy this Court that this particular injunction is warranted on these facts.

**3. CONCLUSION**

The Court finds, for the reasons stated above, that Plaintiff is entitled to a default judgment for Defendants' violations of their fiduciary duties under ERISA. The Court will award injunctive relief against Defendants sufficient to make the Plan whole again and facilitate its termination. The Court will also order that a copy of the judgment and this order be served on each Defendant by the U.S. Marshals.

Accordingly,

Page 7 of 10
Case 2:15-cv-01394-JPS   Filed 12/08/16   Page 7 of 10   Document 24

**IT IS ORDERED** that Plaintiff's amended motion for default judgment (Docket #21) be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Defendant Downey Inc. Profit Sharing Plan is **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Defendants Gregory M. Coffman and Downey, Inc. are removed from their positions as fiduciaries with respect to the Downey Inc. Profit Sharing Plan;

**IT IS FURTHER ORDERED** that AMI Benefit Plan Administrators, Inc., located at 100 Terra Bella Drive Youngstown, Ohio 44505 is hereby appointed as the Independent Fiduciary for the Plan to administer and to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA. AMI shall have the following powers, duties, and responsibilities:

(a) AMI shall have responsibility and authority to collect, liquidate, and manage assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated;

(b) AMI shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this default judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. AMI shall comply with the guidance in EBSA Field Assistance Bulletin 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 21, 2014), available at

Page 8 of 10

Case 2:15-cv-01394-JPS   Filed 12/08/16   Page 8 of 10   Document 24

http://www.dol.gov/ebsa/regs/fab2014-1.html, in attempting to locate participants and for handling missing participants;

(c) AMI shall have full access to all data, information, and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

(d) AMI may retain such persons and firms, including but not limited to accountants and attorneys, as may be reasonably required to perform its duties hereunder;

(e) AMI shall initiate the termination of the Plan in accordance with ERISA within thirty (30) days of entry of this order. AMI's responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the Plan participants and filing all appropriate documents with the various government agencies. The Plan shall be terminated within ninety (90) days of entry of this order. Within thirty (30) days from the date that the Plan is fully terminated, AMI shall provide satisfactory proof of such termination, including proof of issuance of the Plan's participant distributions, to the Regional Director of the U.S. Department of Labor, Employee Benefits Security Administration ("Regional Director"), 230 S. Dearborn St., Suite 2160, Chicago, Illinois 60604;

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of judgment herein, Defendants Gregory M. Coffman and Downey, Inc. shall remit $3,250.00 for fees and expenses that will reasonably and necessarily be incurred in administering and terminating the Plan by issuing a cashier's check made payable in the name of the Plan to AMI Benefit Plan Administrators, Inc. at the address of 100 Terra Bella Drive, Youngstown,

Ohio, 44505. Within thirty-five (35) days of entry of judgment herein, Defendants Gregory M. Coffman and Downey, Inc. shall provide a copy of the front and back of the above-referenced check to the Regional Director;

**IT IS FURTHER ORDERED** that Defendants Gregory M. Coffman and Downey, Inc. are ordered to cooperate with AMI in its duties to administer and terminate the Plan; and

**IT IS FURTHER ORDERED** that a copy of the judgment herein and this order shall be served on each Defendant by the U.S. Marshals.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 10 of 10

Case 2:15-cv-01394-JPS   Filed 12/08/16   Page 10 of 10   Document 24